956 F.2d 274
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Barry William ALLEN, Plaintiff-Appellant,
v.
James ROWLAND, et al., Defendant-Appellee.
 No. 91-15853.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 13, 1992.*
Decided Feb. 27, 1992.
 
 Before GOODWIN, FLETCHER and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Barry William Allen appeals pro se the district court's denial of his motion for a temporary restraining order directing prison medical officials to give him adequate medical treatment, to allow him to exhaust his administrative remedies and not to harass him.
 
 
 3
 We affirm.
 
 BACKGROUND
 
 4
 On March 18, 1990, Allen was involved in a fight in his cell. After the fight, Allen complained of deafness in his right ear. A medical examination on May 18, 1990, revealed that the ear was not infected and showed no signs of damage. Another examination on June 8, 1990, also was "essentially negative." Allen did not receive a hearing test, although he requested one.
 
 
 5
 When his requests for additional medical care were denied, Allen appealed through an internal prison procedure. Although he should have received a response within 5 days, he did not. When he eventually received a response, it was negative; Allen apparently resubmitted his appeal to no avail.
 
 
 6
 Allen then filed suit against James Rowland, director of the California Department of Corrections, for violations of 42 U.S.C. § 1983. More specifically, he alleges equal protection and due process violations, and cruel and unusual punishment. He also filed a motion for a temporary restraining order directing the defendants to give him proper medical treatment and to refrain from "stopping [Allen] from exhausting his administrative remedies," and from confiscating his legal documents. A magistrate recommended that the motion be denied, and the district court adopted the magistrate's findings and recommendations in full. Allen now appeals that denial.
 
 STANDARD OF REVIEW
 
 7
 Denial of preliminary injunctive relief is reversed "only when the district court abused its discretion or based its decision on an erroneous legal standard or clearly erroneous findings of fact." Religious Technology Center, Church of Scientology Int'l, Inc. v. Scott, 869 F.2d 1306, 1309 (9th Cir.1989).
 
 DISCUSSION
 
 8
 I. Did the district court apply an erroneous legal standard?
 
 
 9
 The district court correctly cited Ninth Circuit precedent on the standard for granting preliminary injunctive relief. To obtain such relief, the plaintiff must show either "a combination of probable success on the merits and the possibility of irreparable injury" or "that serious questions are raised and the balance of hardships tips sharply in its favor." Dollar Rent A Car of Washington v. Travelers Indem., 774 F.2d 1371, 1374-75 (9th Cir.1985). "An essential prerequisite to the granting of a preliminary injunction is a showing of irreparable injury to the moving party in its absence." Id.
 
 
 10
 II. Were the district court's findings of fact clearly erroneous?
 
 
 11
 The district court found that Allen had made no showing of irreparable injury to justify any of the three actions he requested the court to take. Because Allen could not satisfy this requirement, the court denied injunctive relief, and did not find it necessary to address the possibility of success on the merits.
 
 
 12
 A. Allen's Exhaustion of Administrative Remedies
 
 
 13
 Allen complains that prison officials were late in responding to his appeal for medical care, forcing him to go to directly to the prison doctor and then to resubmit the appeal. As the district court put it, "[s]tanding alone, this incident does not demonstrate that plaintiff is immediately threatened with suffering irreparable harm." This finding does not appear to be clearly erroneous.
 
 B. Harassment of Allen
 
 14
 Allen's complaints of harassment were sketchy at best, and he provided no factual background. The court found that Allen had shown no "presently existing actual threat"; "[s]peculative injury does not constitute irreparable injury." Goldie's Bookstore v. Superior Court of State of California, 739 F.2d 466, 472 (9th Cir.1984). This finding does not appear to be clearly erroneous.
 
 C. Denial of Medical Treatment
 
 15
 Allen was examined by a doctor on two occasions after the accident. The doctor did not find any damage or infection. Allen complains he has suffered a steady loss of hearing, and that he needs to see an ear specialist and take a hearing test. The prison doctors decided not to order a hearing test.
 
 
 16
 The district court found that Allen had not demonstrated a significant threat of irreparable injury if the court did not order further medical treatment. It noted Allen had already been examined twice, and observed, "Plaintiff appears to be disputing the apparent decision to not provide him with a hearing exam." It was not clearly erroneous for the district court to look to the doctors' findings of no apparent injury, and find Allen had not shown irreparable injury would result if the court did not grant him relief.
 
 
 17
 In sum, the district court's findings that there was no showing of irreparable injury were not clearly erroneous. The decision of the district court is thus
 
 
 18
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3